UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| MARCUS D. WINSTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos: 3:06-cr-012 |
| | ) | 3:08-cv-013 |
| | ) | *Jordan* |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM

This is a *pro se* motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Marcus D. Winston ("petitioner"). The government has filed its response to the § 2255 motion and petitioner has filed his reply. Petitioner has also filed a motion to file a supplemental pleading, a subsequent supplemental pleading, and a motion for judgment on the pleadings. The petitioner's motion to file a supplemental pleading [Court File No. 254] will be **GRANTED NUNC PRO TUNC** as of February 1, 2010, and his motion for judgment on the pleadings [Court File No. 269] will be **DENIED** as **MOOT**. For the following reasons, the § 2255 motion will be **DENIED** and this action will be **DISMISSED**.

I.   Standard of Review

This Court must vacate and set aside petitioner's conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail under § 2255, petitioner "must show a 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the Rules Governing Section 2255 Proceedings In The United States District Courts, the Court is to determine after a review of the answer and the records of the case whether an evidentiary hearing is required. If the motion to vacate, the answer and the records of the case show conclusively that petitioner is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

II.   Factual Background

Pursuant to a plea agreement, petitioner was convicted of conspiracy to distribute and possess with intent to distribute cocaine hydrochloride and five grams or more of cocaine base ("crack"), in violation of 21 U.S.C. §§ 846 and 841(a), and conspiracy to commit money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(A)(I) and 1956(h). In support of his plea agreement, petitioner stipulated the following facts to be true and accurate:

1. During 2005, defendant agreed with CHARLES CHRISTOPHER FOSTER and others to distribute cocaine hydrochloride and more than five (5) grams of cocaine base in the Eastern District of Tennessee. During this time period, defendant acquired cocaine hydrochloride and cocaine base from CHARLES CHRISTOPHER FOSTER and others which defendant then distributed to others in the form of cocaine hydrochloride and cocaine base.

2. Evidence supporting the allegations set forth in the Indictment includes the interception of drug-related wire communications between defendant and CHARLES CHRISTOPHER FOSTER, and the testimony of coconspirators.

3. During the course of the conspiracy, the defendant knowingly used the proceeds of his drug trafficking in Tennessee to conduct financial transactions in which he purchased additional cocaine hydrochloride and cocaine base which he then resold in Tennessee.

4. The parties agree that for purposes of sentencing, the amount of cocaine hydrochloride for which defendant is accountable for Sentencing Guideline purposes is more than 50 grams and less than 100 grams and the amount of cocaine base for which defendant is responsible is more than 5 grams and less than 15 grams. The parties further agree that the appropriate offense level based on drugs alone pursuant to U.S.S.G. § 2D1.1 is a level 26.

5. Defendant was convicted and sentenced on February 27, 2003, in the criminal court of Knox County, Tennessee, case number 75237, for the felony offense of possession with intent to sell cocaine.

[Criminal Action No. 3:06-cr-12, Court File No. 162, Stipulation of Facts, pp. 1-2].

Based upon his prior felony drug conviction for possession with intent to distribute cocaine,[1] petitioner was subject to a mandatory minimum sentence of ten years on the drug

---

[1] As required by 21 U.S.C. § 851(a), the government filed notice of its intent to use petitioner's prior felony drug conviction to enhance his sentence. [Criminal Action No. 3:06-cr-12, Court File No. 141, Enhancement Notice].

conspiracy conviction pursuant to 21 U.S.C. § 841(b)(1)(B). He was sentenced to the statutory mandatory minimum term of imprisonment of 120 months on the drug conspiracy and a concurrent term of imprisonment of 120 months on the money laundering conspiracy.

In support of his § 2255 motion, petitioner alleges he received the ineffective assistance of counsel. He also alleges that he is entitled to a reduction in his sentence based upon recent amendments to the sentencing guidelines.

III. Discussion

*A. Ineffective Assistance of Counsel*

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court established a two-part standard for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id*. at 687.

To establish that his attorney was not performing "within the range of competence demanded of attorneys in criminal cases," *McMann v. Richardson*, 397 U.S. 759, 771 (1970), petitioner must demonstrate that the attorney's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. at 687-88. In judging an

4

attorney's conduct, a court should consider all the circumstances and facts of the particular case. *Id*. at 690. Additionally, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

The two-part test of Strickland also applies to ineffective assistance of counsel claims in cases involving guilty pleas. *Hill v. Lockhart*, 474 U.S. 52 (1985); *Sparks v. Sowders*, 852 F.2d 882 (6th Cir. 1988).

> We hold, therefore, that the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel. In the context of guilty pleas, the first half of the *Strickland v. Washington* test is nothing more than a restatement of the standard of attorney competence already set forth in *Tollett v. Henderson*, [411 U.S. 258 (1973)], and *McMann v. Richardson*, [397 U.S. 759 (1970)]. The second, or "prejudice," requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

*Hill*, 474 U.S. at 58-59 (footnote omitted).

The issue is whether counsel's performance "was so *manifestly* ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (*en banc*). Because he is seeking relief under § 2255, petitioner bears the burden of proving by a preponderance of the evidence that his counsel was deficient. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

Petitioner alleges two instances of ineffective assistance of counsel, both of which are related. He first alleges that counsel was ineffective in failing to move for a competency hearing prior to the entry of the guilty plea. He next alleges that counsel was ineffective in failing to move for a downward departure due to petitioner's mental and emotional problems.

Petitioner alleges his attorney should have asked for a competency hearing to determine that petitioner fully understood the nature of the proceedings against him. The standard for determining whether a defendant's competence should be evaluated is "whether the defendant has 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and has 'a rational as well as factual understanding of the proceedings against him.'" *Godinez v. Moran*, 509 U.S. 389, 396 (1993) (quoting *Dusky v. United States*, 362 U.S. 402, 402(1960)). To establish that a defendant is not competent to stand trial, or by extension to plead guilty, the Court must find "by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241.

Petitioner alleges that, had counsel conducted a minimal investigation into petitioner's background, counsel would have discovered a history of mental health issues. Petitioner claims that at the time of his guilty plea, his understanding was impaired as a result of mental illness. He also alleges that he is currently being treated for mental problems and has

6

provided the Court with copies of his current psychological records from the Federal Bureau of Prisons Psychology Data System.

In accepting petitioner's guilty plea on October 11, 2006, the Court fully complied with the plea colloquy procedure as mandated by Rule 11 of the Federal Rules of Criminal Procedure. [Criminal Action No. 3:06-cr-12, Court File No. 234, Transcript of Change of Plea]. The Court first determined that petitioner had finished one year of college. [*Id*. at 3]. The Court asked petitioner if he had ever been treated for mental illness and was told yes, back in the nineties petitioner was treated once at Baptist Hospital in Knoxville for addiction to narcotic drugs. [*Id*. at 3-4]. The Court then inquired of counsel whether he considered petitioner competent to plead guilty and was told yes. [*Id*. at 4-5].

The Court determined that petitioner had been advised of the elements of the offenses charged that the government was required to prove beyond a reasonable doubt and of any defenses petitioner might have to the charges. [*Id*. at 6-7]. The Court verified that petitioner understood the charges to which he was pleading guilty. [*Id*. at 8-9]. The Court then advised petitioner of the rights he was giving up by pleading guilty. [*Id*. at 9-10]. Petitioner was specifically asked whether any officer or agent of the government had promised him a lighter sentence if he pleaded guilty or whether any officer or agent of the government had pressured him, either physically or mentally, to plead guilty; he answered "No" to both questions. [*Id*. at 10].

At the Court's request, the government stated on the record the elements of the offense, the factual basis for petitioner's plea, and the minimum and maximum penalties that

petitioner was facing. [*Id*. at 10-14]. Upon questioning by the Court, petitioner agreed with the government's summary of the facts, acknowledged his understanding of what he was pleading guilty to, and stated that he was pleading guilty because he was in fact guilty. [*Id*. at 14-15].

> The Court then accepted the guilty plea.
>
> For the record, the Court has observed the appearance of this defendant and his responsiveness to the questions asked. Based upon these observations and the answers to the questions, the Court finds that Marcus Winston, the defendant is in full possession of his faculties and is competent to plead guilty. The Court finds the defendant is not under the apparent influence of narcotics or of other drugs or of alcohol. The Court finds the defendant knowingly waives his constitutional rights to trial and the other rights accorded to persons accused of crime. The Court finds that the defendant understands the nature of the charges to which the plea is offered and the maximum and minimum penalties provided by law for these offenses. The Court finds that the defendant has offered to plead guilty knowingly and voluntarily.
>
> Further, that the defendant understands the Plea Agreement made on his behalf in this case, and, accordingly, the plea of guilty will be accepted.

[*Id*. at 18-19].

There is nothing in the record to suggest that petitioner was not competent to stand trial. Petitioner made no reference to his need for a mental evaluation during his guilty plea hearing nor did he offer any evidence that he was having mental problems. A court is only required to conduct a competency hearing where there is "substantial evidence of a defendant's incompetency." *Mackey v. Dutton*, 217 F.3d 399, 411 (6th Cir. 2000). There being no evidence of petitioner's incompetence, the court would not have held a competency hearing and counsel was not ineffective in failing to request one. *See United States v.*

8

*Hanley*, 906 F.2d 1116, 1121 (6th Cir. 1990) (failure of defense counsel to pursue frivolous motions and objections cannot constitute ineffective assistance of counsel).

With respect to his claim that counsel was ineffective in failing to move for a downward departure from the guideline sentencing range due to petitioner's mental and emotional problems, petitioner relies on U.S.S.G. § 5K2.13. Section 5K2.13 provides in relevant part: "A downward departure may be warranted if (1) the defendant committed the offense while suffering from a significantly reduced mental capacity; and (2) the significantly reduced mental capacity contributed substantially to the commission of the offense."

Petitioner, however, was sentenced to a statutory minimum mandatory term of 120 months in prison. Absent a motion from the government for a downward departure based upon substantial assistance, a district court lacks authority to depart below a mandatory minimum sentence. *See United States v. Hoosier*, 442 F.3d 939, 944 (6th Cir. 2006) ("Put simply, a district court is not permitted to depart below an applicable mandatory minimum."). This is true even in the case where the court finds that the defendant's offense conduct was affected by his diminished capacity. *See United States v. Burke*, 237 F.3d 741, 744-45 (6th Cir. 2001) (district court lacked discretion to depart downward from a statutory minimum sentence on the basis of diminished capacity). Accordingly, any motion by counsel for a downward departure based upon petitioner's mental problems would have been frivolous and thus counsel was not ineffective in failing to make such a motion.

Based upon the foregoing, petitioner has failed to demonstrate ineffective assistance of counsel under the *Strickland v. Washington* standard.

### B. Amendments to the Guidelines

Petitioner alleges that his sentence should be reduced based upon recent amendments to the sentencing guidelines, which lowered the base offense levels in cases involving crack cocaine. Congress has provided that a district court may reduce a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582 . As previously noted, however, petitioner was sentenced to a statutory mandatory minimum sentence, not a guideline sentence, and thus the amendments to the sentencing guidelines do not afford him any relief. *See, e.g., United States v. Johnson*, 564 F.3d 419, 423 (6th Cir. 2009).

### C. Supplemental Grounds for Relief

In a supplemental pleading filed February 1, 2010, petitioner alleges new additional grounds for relief. For the following reasons, the new grounds for relief are time-barred.

A federal prisoner has one year in which to file a § 2255 motion. The limitation period generally runs from the date on which the judgment of conviction becomes final. Judgment in petitioner's case was entered on February 21, 2007, and no appeal was filed. Because petitioner did not file a direct appeal, his judgment became final on March 7, 2007. *Sanchez-Castellano v. United States*, 358 F.3d 424 (6th Cir. 2004) ("an unappealed federal criminal judgment becomes final ten days after it is entered").

Petitioner timely filed his original § 2255 motion on January 14, 2008. As noted, his supplemental pleading was filed February 1, 2010. The question, then, is whether the supplemental pleading is timely because it "relates back" to the original filing date.

"An amended habeas petition, we hold, does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle v. Felix*, 545 U.S. 644, 640 (2005). *See also Oleson v. United States*, 27 F. App'x 566, 571, 2001 WL 1631828 *3 (6th Cir. December 14, 2001) ("Oleson's amendment does not escape the AEDPA statute of limitations by 'relating back' to previous claims -- Oleson's amendment raises an entirely new argument").

Petitioner's supplemental pleading contains new grounds for relief which are wholly unrelated to his original claims of ineffective assistance of counsel and his claim for relief based upon amendments to the sentencing guidelines. His new grounds for relief therefore do not relate back to the original pleading, are time-barred, and will not be considered by the court.

IV.   Conclusion

Petitioner is not entitled to relief under § 2255, his motion for summary judgment will be **DENIED**, and his motion to vacate, set aside or correct sentence will be **DENIED**. This action will be **DISMISSED**. In addition to the above, this Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous.

Therefore, this Court will **DENY** petitioner leave to proceed in forma pauperis on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

      **AN APPROPRIATE ORDER WILL ENTER.**

                                                                             s/ Leon Jordan  
                                                        United States District Judge